**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────

**No. 15-4489**

─────────

UNITED STATES OF AMERICA,

            Plaintiff - Appellee,

    v.

KA LEE,

            Defendant - Appellant.

─────────

Appeal from the United States District Court for the Western District of North Carolina, at Statesville.   Richard L. Voorhees, District Judge.  (5:14-cr-00057-RLV-DCK-1)

─────────

Submitted:  March 22, 2016          Decided:  March 29, 2016

─────────

Before SHEDD, AGEE, and THACKER, Circuit Judges.

─────────

Affirmed by unpublished per curiam opinion.

─────────

Sharon Leigh Smith, UNTI & SMITH, Raleigh, North Carolina, for Appellant.  Amy Elizabeth Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

─────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ka Lee pled guilty, pursuant to a written plea agreement, to conspiracy to distribute or possess with intent to distribute 500 grams or more of methamphetamine (Count One) and money laundering (Count Three), in violation of 18 U.S.C. § 1956, 21 U.S.C. §§ 841(a), 846 (2012). The court sentenced Lee to 180 months' imprisonment on each count, to run concurrently. Lee appeals.

Counsel has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), conceding that there are no meritorious issues for appeal but questioning whether Lee was denied effective assistance of counsel and whether the record shows prosecutorial misconduct.* Although advised of his right to file a supplemental pro se brief, Lee has not done so. We affirm.

Counsel first questions whether Lee was denied effective assistance of counsel. Unless an attorney's ineffectiveness conclusively appears on the face of the record, ineffective assistance claims are not generally addressed on direct appeal.

---

* Counsel's brief also questions the validity of the waiver in Lee's plea agreement. Because the Government does not address the enforceability of this waiver and has not moved to dismiss the relevant portion of the appeal, we decline to enforce the waiver sua sponte. See United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005).

<u>United States v. Benton</u>, 523 F.3d 424, 435 (4th Cir. 2008). Instead, such claims should be raised in a motion brought pursuant to 28 U.S.C. § 2255 (2012), in order to permit sufficient development of the record. <u>United States v. Baptiste</u>, 596 F.3d 214, 216 n.1 (4th Cir. 2010). Because the record does not conclusively establish ineffective assistance of counsel, we conclude that these claims should be raised, if at all, in a § 2255 motion. We also find no support in the record for a claim of prosecutorial misconduct.

In accordance with <u>Anders</u>, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm Lee's conviction and sentence. This court requires that counsel inform Lee, in writing, of the right to petition the Supreme Court of the United States for further review. If Lee requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Lee. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED</u>